[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10465
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20421-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL GUERRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 15, 2008)

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Rafael Guerrero, a Mexican national who speaks only Spanish, appeals his

convictions for conspiracy to possess with intent to distribute cocaine and attempt to possess with intent to distribute cocaine, both in violation of 21 U.S.C. § 846. He contends that the district court improperly denied his motion to suppress oral and written post-arrest statements and that the court abused its discretion in denying a second evidentiary hearing on his renewed motion. We affirm.

After his arrest, Guerrero was interviewed by Sergeant Pete Perez, Detective Jorge Nunez, and Special Agent Scott Wiegmann. Perez and Nunez both speak Spanish. Wiegmann does not. Perez gave Guerrero a copy of a <u>Miranda</u>[1] rights waiver form that was printed in Spanish. He read each paragraph of the waiver form to Guerrero and asked Guerrero if he understood. Guerrero initialed each paragraph next to the word "si," which means "yes," to indicate that he understood, and signed at the bottom of the form. Then Perez questioned Guerrero in Spanish about events related to his arrest. Perez translated Guerrero's answers into English for Wiegmann. Wiegmann summarized Guerrero's statement in four sentences of English. Perez translated the written statement back into Spanish for Guerrero who did not express any confusion or disagreement. Guerrero then signed the written statement.

Guerrero filed a motion to suppress in the district court contending that,

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S. Ct. 1602 (1966).

because he is unable to read or speak English, his oral and written statements did not follow a knowing, intelligent, and voluntary waiver of his Miranda rights. After an evidentiary hearing, at which Perez was the only witness who testified, the magistrate judge issued a report and recommendation concluding that Guerrero's motion should be denied. The magistrate judge determined that the government had established Guerrero's knowing, voluntary, and intelligent waiver of his Miranda rights prior to his oral statements to the officers. Although the magistrate judge was troubled by Guerrero's written statement because it was prepared in English by Wiegmann when Perez and Nunez were present and capable of drafting the statement in Spanish, he recommended denial of Guerrero's motion to suppress. The magistrate judge based his decision on Perez's undisputed testimony that he translated the written statement for Guerrero and that Perez reasonably believed Guerrero understood the statement when he signed and adopted it.

The district court adopted the magistrate judge's recommendation. The court observed that no evidence was presented indicating that the short written statement incorrectly captured what Guerrero had told the officers or that Guerrero disputed the statement or hesitated to sign it after it was translated into Spanish.

Guerrero later filed a renewed motion to suppress, based on newly revealed

3

information showing that in an unrelated case, Agent Wiegmann obtained a written confession from another defendant in the same manner: officers translated the responses of a non-English speaking suspect; Wiegmann wrote a statement in English; the statement was translated for the suspect; the suspect signed it. The district court denied Guerrero's request for a second evidentiary hearing.

Guerrero contends that the evidence failed to show that he was aware of the rights he was abandoning or the consequences of doing so. He asserts that the government did not establish that he understood the statement written in English or that he knew he was signing a confession. Guerrero also contends that the district court abused its discretion in denying his renewed motion to suppress because a new hearing was required in order to evaluate the totality of the circumstances surrounding the waiver and the written confession.

In reviewing a district court's judgment denying a motion to suppress, we consider the application of the law to the facts de novo. United States v. Thompson, 422 F.3d 1285, 1295 (11th Cir. 2005). However, we review the district court's findings of fact only for clear error. Id. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th

4

Cir. 2002). We "construe the facts in the light most favorable to the party prevailing below," which is the government in this case. United States v. Holloway, 290 F.3d 1331, 1334 (11th Cir. 2002).

The government "may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda, 384 U.S. at 444, 86 S. Ct. at 1612. An accused has effectively waived his Miranda rights if he: (1) voluntarily relinquished them as the product of a free and deliberate choice, rather than through intimidation, coercion, or deception; and (2) made his decision with a full awareness of both the nature of the rights being abandoned and the consequences of the decision to abandon them. United States v. Barbour, 70 F.3d 580, 585 (11th Cir. 1995). A waiver is effective where the "'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension." Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141 (1986) (citation omitted). A written waiver "is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." North Carolina v. Butler, 441 U.S. 369, 373, 99 S. Ct. 1755, 1757 (1979).

In United States v. Boon San Chong, 829 F.2d 1572 (11th Cir. 1987), we considered whether language barriers between a Chinese-speaking defendant and the police impaired the defendant's ability to knowingly waive his Miranda rights. Id. at 1574. We concluded that because the defendant was advised of his rights in both Chinese and English, he claimed to understand those rights, and he chose to answer questions soon after reading the rights waiver form, the defendant knowingly waived his rights despite the language problem. Id. We reached that conclusion even though the defendant refused to sign a waiver form. Id. ("Because Chong never requested an attorney and because he chose to answer some questions but not others shortly after reading the Chinese Advice of Rights form, we conclude that his refusal to sign the waiver form did not render subsequent questioning improper.")

Here, the uncontradicted testimony of Sergeant Perez showed that Guerrero was presented with a copy of a rights waiver form in Spanish and that all of his rights were explained to him in Spanish. Guerrero indicated that he understood those rights. He initialed and signed the waiver form shortly before choosing to answer questions. The district court properly concluded that Guerrero's waiver of his rights was knowing, voluntary, and intelligent.

A district court's refusal to hold an evidentiary hearing on a motion to

6

suppress is reviewed only for an abuse of discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000). "Where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion." Id. (citation, quotation marks, and alteration omitted).

Here, the district court held one evidentiary hearing and properly exercised its discretion in determining that the new information that Guerrero sought to introduce did not warrant another hearing. The allegations about written confessions obtained from other defendants in unrelated proceedings did not change the evidence in this case establishing the voluntariness of Guerrero's statements.

**AFFIRMED.**